UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID STEELE, VIVIAN WILSON, and
ELAINE SNYDER,

    Plaintiffs,

v.

REO PROPERTIES CORP.,

    Defendant;

and

REO PROPERTIES CORP.,

    Counter-Plaintiff,

v.

VIVIAN WILSON and ELAINE SNYDER,

    Counter-Defendants.
_____/

Case No. 07-14479

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on _____.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiffs David Steele, Vivian Wilson, and Elaine Snyder (collectively "Plaintiffs") filed this action in Oakland County Circuit Court on October 10, 2007, against Ocwen Mortgage Co. ("Ocwen") and New Century Mortgage Corp. ("New Century"). In their

complaint, Plaintiffs assert that they were wrongfully prevented from redeeming a property previously mortgaged by Wilson and Snyder and sold at a sheriff's sale after they defaulted. Ocwen removed the suit to this Court on October 22, 2007, based on diversity jurisdiction. New Century was terminated from the action because of Plaintiffs' failure to complete service of process and Defendant REO Properties Corp. ("REO") later substituted for Ocwen. REO then filed a counterclaim against Wilson and Snyder which created a conflict of interest for Plaintiffs' counsel. As a result, Plaintiffs' counsel filed a motion to withdraw from the representation of Wilson and Snyder.

Presently before the Court is REO's Motion for Summary Judgment, filed November 5, 2008. On December 2, 2008, an order was entered granting the aforementioned motion to withdraw. On December 23, 2008, Plaintiffs' counsel, continuing to represent Steele, filed a response to REO's motion for summary judgment on Steele's behalf. Neither Wilson nor Snyder responded to REO's motion. REO replied to Steele's response on January 2, 2009. Pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court dispensed with oral argument.

**I. Background**

In May 2006, Wilson and Snyder purchased the real property at 2331 Brenthaven, Bloomfield Township, Michigan, financed with a mortgage in the amount of $428,085 through New Century Mortgage Corp. In November 2006, Wilson and Snyder entered an agreement with Steele granting him the option to purchase the property any time on or before November 1, 2009. The option contract acknowledged the existence of the

underlying mortgage but gave Steele no right to assume that obligation.

By the end of 2006, Wilson and Snyder had defaulted on the mortgage. The December 8, 2006, Notice of Foreclosure reflected a balance owing of $446,212.56. On March 13, 2007, the property was sold at a sheriff's sale. New Century's attorneys had instructions to bid $368,000 for the property. Ultimately, New Century was the successful bidder but the sheriff's deed reflected a purchase price of $36,800–only a tenth of the authorized bid.

At some unspecified time after the sale, New Century sold the property to REO. Nonetheless, the property remained subject to Michigan's statutory redemption period allowing Wilson and Snyder to redeem the property within six months of the sheriff's sale. *See* Mich. Comp. Laws § 600.3240(8). In the last days of the redemption period, Steele, acting on behalf of Wilson and Snyder, allegedly attempted to redeem the property from the Oakland County Register of Deeds Office and New Century by tendering the purchase amount reflected in the sheriff's deed plus the relevant interest, fees, and costs as required by Michigan law. *See* Mich. Comp. Laws § 600.3240(1). Plaintiffs allege that Steele's efforts to redeem were blocked by Ocwen's refusal to verify the payoff amount before the expiration of the redemption period. Ocwen was New Century's local servicing agent.

As noted above, Plaintiffs filed the present lawsuit on October 10, 2007, requesting that they be allowed to redeem the property for $45,626.18. On October 17, 2007, Ocwen's attorney filed an Affidavit of Scrivener's Error with Oakland County Records

explaining that the actual bid and purchase amount for the property was $368,000 rather than $36,800. After later substituting in for Ocwen, REO filed the pending motion for summary judgment requesting that this Court reform the sheriff's deed to reflect $368,000 as the purchase amount or, in the alternative, that this Court grant its counterclaim for a deficiency against Wilson and Snyder in the amount of $409,412.56 plus interest.

## II. Standard of Review

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a

"scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. Furthermore, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2).

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.* at 255, 106 S. Ct. at 2514.

### III. Scrivener's Error

Under Michigan law, "[e]quity will . . . reform an instrument to express an agreement of the parties which fails through mistake of the scrivener." *Tower Auto., Inc. v. Am. Prot. Ins. Co.*, 266 F. Supp. 2d 664, 674 (citing *Newland v. First Baptist Church*, 137 Mich. 335, 100 N.W. 612 (1904)). REO has presented evidence to this Court that the $36,800 purchase price reflected in the sheriff's deed is the result of a scrivener's error. Specifically, REO attached to its motion the Affidavit of Scrivener's Error which was recorded with the Oakland County Register of Deeds and the bidding instructions sent by New Century to its attorneys reflecting an intended bid amount of $368,000 for the March 13, 2007, sheriff's sale. (Defs. Mot. for Summ. J. Ex. 3, 5.) REO's position is further supported by the fact that a bid of $368,000 appears reasonable for a property that had been previously secured by a mortgage exceeding $400,000. Finally, it is easy to see how

5

a scrivener could have mistakenly converted the intended purchase amount of $368,000 to $36,800 by inadvertently omitting one of the final zeros.

In the only response to REO's motion, Steele fails to meet the evidentiary burden for demonstrating a genuine issue of material fact.[1] Other than the sheriff's deed itself, Steele cites no evidence indicating that $36,800 was the intended purchase amount. The response brief is also devoid of any citation to statutory or case law. Rather than presenting legal arguments supported by record evidence, Steele's response brief attempts to villify the intentions of New Century, Ocwen, and REO. According to Steele, New Century intentionally bid $36,800 and later interfered with Steele's attempts to redeem the property as part of a scheme to take advantage of Michigan foreclosure laws. Steele argues that such improper conduct is further evidenced by events that followed the sheriff's sale including New Century's bankruptcy filing–of which there is no record evidence–and alleged irregularities in the transfer of the property between New Century and REO. Steele's arguments are largely irrelevant.

The narrow issue before the Court is whether the purchase price reflected in the sheriff's deed resulted from a scrivener's error. The post-sheriff's sale events referenced

---

[1]The Court doubts that Steele, as merely an option holder, has standing to pursue the claims asserted against REO. Under Michigan law, redemption rights are preserved only for mortgagors or their heirs, executors, or administrators. Mich. Comp. Laws § 600.3240. Steele does not fit into any of these categories.

As far as the Court can tell, Wilson and Snyder are the only ones who can redeem the property. Wilson and Snyder, however, have not opposed REO's motion for summary judgment and may even be in favor of reformation of the sheriff's deed so as to avoid liability for a deficiency. Nonetheless, the Court considers Steele's response because it is the only response that was filed with the Court.

by Steele are unsupported by record evidence, irrelevant to determining New Century's intended bid at the sheriff's sale, or both.  Furthermore, Steele's claim that New Century, Ocwen, and REO are attempting take advantage of Michigan foreclosure laws is undermined by the fact that REO also requested that Wilson and Snyder be granted an additional six months within which to redeem the property if the Court reforms the purchase amount in the sheriff's deed.  In reality, it appears to the Court that Steele is attempting to obtain a windfall by redeeming the property for a tenth of its value while leaving Wilson and Snyder or REO to bear the deficiency.  In light of the undisputed record evidence that the purchase price reflected in the sheriff's deed resulted from a scrivener's error, the Court will not allow such an outcome.  Therefore, the Court grants REO's Motion for Summary Judgment, orders that the sheriff's deed be reformed to reflect a purchase price of $368,000, and orders that Wilson and Snyder be allowed to redeem the property within six months of the reformation.

For the reasons stated above,

**IT IS ORDERED** that REO's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the sheriff's deed for the property commonly known as 2331 Brenthaven, Bloomfield Township, Michigan, be reformed to reflect a successful bid and purchase amount of Three-Hundred-Sixty-Eight-Thousand Dollars ($368,000).

**IT IS FURTHER ORDERED** that Wilson and Snyder shall have six (6) months from the date of reformation to redeem the property pursuant to Mich. Comp. Laws §

600.3240.

    A judgment consistent with this opinion shall issue.

                                                    <u>s/PATRICK J. DUGGAN</u>
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Casper P. Connolly, Esq.

David G. Marowske, Esq.

Vivian Wilson & Elaine Snyder
41885 West Eight Mile Rd.
Northville, MI 48167